JAMES S. GRAHAM, *Appellant*, v. CITY OF WEST TAMPA, *Appellee*.

## Opinion filed May 18, 1916.

1. The constitution ordains that the legislature shall provide for a uniform and equal rate of taxation, and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, that is subject to taxation, that all property shall be taxed upon the principles established for State taxation; but cities and towns shall make their own assessments for municipal purposes, and when general statutes provide regulation by which just valuations and uniform and equal taxation may be attained, it is not essential that such regulations be incorporated in the charter of a city which has the powers conferred upon municipalities by the general laws; and under a power to tax such city may prescribe appropriate regulations to secure just valuations and a uniform and equal rate of taxation.

2. Valuations for taxation must have a just relation to the real value of the property assessed and there must be no substantial inequality in valuations in the various kinds and items of property that is subject to the tax.

3. The means and methods prescribed for ascertaining the value of property for taxation purposes must be substantially observed and followed, or else the assessment will be invalid and a taking of property without due process of law.

4. While the law accords a range of discretion to the officer authorized to ascertain and determine valuations of property for purposes of taxation, when the officer proceeds in accordance with and substantially complies with the requirements of law designed to ascertain such values, yet if the steps required to be taken in making valuations are not in fact and in good faith actually taken, and the valuations are shown to be essentially unjust or unequal abstractly or relatively, the assessment is invalid.

5. Where the essential requirements of law are not observed in making valuations of property for assessment, and the valuations as made are shown by admissions or proofs to be clearly excessive, unjust and unequal, appropriate relief may be had in equity even though the proceedings authorized by law for seeking relief from administrative officers were not utilized, where the case made shows a flagrant violation of or omission to follow the mandatory requirements of the law in valuing property for taxation.

Appeal from Circuit Court, Hillsborough County; F. M. Robles, Judge.

Order reversed.

*Sandler & Nyscwander,* for Appellant;

*Howard P. Macfarlane,* for Appellee.

WHITFIELD, J.—In a bill of complaint Graham alleges in effect that he owns described lands in the city of West Tampa; that under asserted authority the municipality "attempted to assess, levy and collect taxes for

the year 1914 against complainant's said land, the said taxes amounting to $74.70 as shown by the defendant's asesssment roll for the said year;" that such levy and assessment are illegal and void because the charter act contains no provision for "uniform and equal rate of taxation," or "prescribe such regulations as shall secure a just valuation of all property;" that an ordinance of the city adopted prior to the present city charter purporting to provide for the constitutional requirements of uniformity, equality and just valuation, is *ultra vires,* and was incapable of being ratified by the present city charter; that the property was not "taxed upon the principles established for State taxation," as required by the constitution; that "said taxes are not in fact just; that one W. J. Twitt acted as defendant's tax assessor for the year 1914, and as such assessor it became and was his duty to do those things and adopt such methods as would adequately secure to complainant a just valuation of his property, for assessment. But wholly failing thus to do, said assessor assessed complainant's land at a value, entirely arbitrary, unjust and excessive, said value being arrived at or determined in an arbitrary and illegal manner; that said assessor at no time visited or inspected said lands, though unacquainted with their value, and though often requested so to do by complainant; and complainant on information and belief charges, that said assessor made no effort to ascertain and determine the value of said lands; and that the value actually placed thereon by said assessor, to-wit: $4,150.00 was by him fixed arbitrarily and not upon any evidence which might or could enable him to form a fair and just estimate of its value, for assessment. That said assessed value is more than double the actual cash, fair or just value of said lands; that they have never been and are not worth over $2,-

000.00; that said assessor failed to assess for taxation the personal property of numerous of defendant's taxpayers including complainant; that in fact no due or real effort was made by said assessor to assess the personal property, subject to taxation by defendant, during said year; that he listed for personal property taxation for that year not over two hundred persons, as appears by defendant's assessment roll; whereas defendant's personal property taxpayers are many times said number, that is to say, the persons owning personal property subject to taxation by defendant for said year, far exceeded the number actually taxed. Said omission to assess or tax such a great amount of personal property being contrary to constitutional principles of uniformity and equality of taxation; that not only is the assessed valuation of complainant's lands unjust and excessive, regardless of the assessed value of similar lands within defendant's limits, but said valuation is equally unjust and excessive in proportion to the valuation placed on said other property. That said lands are almost entirely wild and woodlands, unplatted and suited only for agricultural purposes and derive no benefit whatever from said city government.

The prayer is that the collection of the tax be enjoined and the asserted lien be held illegal and void.

A demurrer to the bill of complaint was sustained, and the complainant appealed.

The constitution provides that "The legislature shall provide for a uniform and equal rate of taxation, and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes.

No tax shall be levied except in pursuance of law.

The legislature shall authorize the several counties and incorporated cities or towns in the State to assess and impose taxes for county and municipal purposes, and for no other purposes, and all property shall be taxed upon the principles established for State taxation." §§1, 3 and 5, Art. IX Const.

"The legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. When any municipality shall be abolished, provision shall be made for the protection of its creditors." §8 Art. VIII Const.

Chapter 5867 Acts of 1907 as revised and amended by Chapter 6792 Acts of 1913 contains the charter powers granted to the City of West Tampa. Section 2 of the latter Chapter contains the following: "Said corporation is hereby granted all the powers given to municipal corporations under the general laws of the State and in addition thereto the following special powers, which shall not be construed as limited or qualified by any provisions or limitations contained in said general laws, viz., power to affix a valuation upon property within its limits, both real and personal, for the purpose of municipal taxation, independent and irrespective of such valuation as fixed by the State."

The following provision appears in the General Statutes:

"The city or town council shall have power to raise by tax and assessment upon all real and personal property, and by license on professions, business and occupations carried on within the corporation, all sums of money which may be required for the improvement and good government of the city, and for carrying out the

powers and duties herein granted and imposed; and to enforce the receipt and collection of the same in the manner now provided by the laws of the State for the assessment and collection of State taxes and licenses." §1052 Genl. Stats. 1906.

The constitution expressly and mandatorily requires that (1) "the legislature shall provide for a uniform and equal rate of taxation, and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal," that is not lawfully exempted from taxation; (2) that "no tax shall be levied except in pursuance of law;" (3) "the legislature shall authorize the several * * * incorporated cities or towns in the State to assess and impose taxes for * * * municipal purposes, and for no other purposes;" (4) "and all property shall be taxed upon the principles established for State taxation;" and (5) "but the cities and incorporated towns shall make their own assessments for municipal purposes upon the property within their limits."   The provision of section 8 of Article VIII of the constitution that "The legislature shall have power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time," does not conflict with the above quoted provisions of sections 1, 3 and 5 of Article IX of the Constitution.

The Charter Act of the City of West Tampa by incorporating therein the powers given to municipalities under the general laws of the State, which powers include the power of taxation, thereby conferred upon the city the power of taxation and such power carried with it the incidental power and the organic duty to provide for a uniform and equal rate of taxation and for a just valuation of all taxable property both real and personal within

the jurisdiction of the city. The general laws of the State provide the regulations by which just valuations and uniform and equal taxation may be attained, and it was not necessary to include regulations for that purpose in the charter acts.

An ordinance of the city prescribes regulations in substantial accord with the statutory regulations for obtaining just valuations and uniform and equal taxation, and such ordinance is a sufficient provision on the subject, it having been continued in force by the amended charter act.

While the objections to the asserted taxing power of the city do not appear to be well founded, the allegations as to the manner in which the power was exercised in the case are sufficient to call for a response from the city.

Valuations for taxation must have a just relation to the real value of the property assessed and there must be no substantial inequality in valuations in the various kinds and items of property that is subject to the tax. The means and methods prescribed for ascertaining the value of property for taxation purposes must be substantially observed and followed, or else the assessment will be invalid and a taking of property without due process of law.

While the law accords a range of discretion to the officer authorized to ascertain and determine valuations of property for purposes of taxation, when the officer proceeds in accordance with and substantially complies with the requirements of law designed to ascertain such values, yet if the steps required to be taken in making valuations are not in fact and in good faith actually taken, and the valuations are shown to be essentially unjust or unequal abstractly or relatively the assessment is invalid. Valuations of property for taxation must be

ascertained in the manner required by law and must have relation to the actual value of the property; and there must be no substantial inequality in valuations.

Where the essential requirements of law are observed in making valuations of property for assessment, and the valuations as made are shown by admissions or proofs to be clearly excessive, unjust and unequal, appropriate relief may be had in equity even though the proceedings authorized by law for seeking relief from administrative officers were not utilized, where the case made shows a flagrant violation of or omission to follow the mandatory requirements of the law in valuing property for taxation.

The allegations of the bill of complaint as to the manner in which the valuation of the complainant's property was ascertained, that are admitted by the demurrer, show manifest injustice and illegality, which require a response from the city.

The order appealed from is reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.