## ALACHUA COUNTY COMMISSION, et al v. TAX ASSESSOR.
### No. 10582.

Circuit Court, Alachua County.
September 6, 1961.

Henry L. Gray, Gainesville, for plaintiffs.

William B. Watson, Jr., Gainesville, for defendant.

GEORGE L. PATTEN, Circuit Judge.

Plaintiffs have filed bill for declaratory decree asking this court to determine the following questions — (a) Whether chapter 61-295, Laws of Florida 1961, is constitutional. (b) Whether the tax assessor of Alachua County in complying with the provisions of chapter 61-295 is required for the purposes of equalization to assess all properties for tax purposes on the same ratio of value. (c) Whether the "stock in trade" referred to in chapter 61-295 may be assessed at 25% of the invoice cost value and when purchased by individuals assessed at full cash value or true value.

The defendant, Claude M. Franks, as tax assessor of Alachua County, in his answer to the bill contends that chapter 61-295 (Senate bill no. 698) is constitutional and alleges that he considers it to be his duty and responsibility commencing with the preparation and filing of the county tax roll for the year 1962 to assess all real property and tangible personal property upon the same basis or median of assessment to value as required by chapter 61-295. The defendant filed motion for summary judgment.

The state attorney for the eighth judicial circuit of Florida having acknowledged receipt of a copy of the bill, answer and motion, waived notice of final hearing.

The applicable provision of the law with which this suit is concerned provides as follows —

All personal property considered as goods, wares and merchandise commonly known as stock in trade, shall be assessed for the purpose of taxation by the counties, cities, villages, towns and taxing districts at 25 per cent of a valuation to be based upon the invoice cost value of the goods. Said valuation shall be the inventory data reported on the taxpayer's federal income tax return and such other sworn data as shall be necessary to assure an accurate report of the average inventory of the taxpayer held or owned over a period of twelve months, next preceding the 1st day of January of the year for which the assessment is made.

Article IX, section 1 of the Florida constitution states that — *"The Legislature shall provide for a uniform and equal rate of taxation, except that it may provide for special rate or rates on intangible property . . . . and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempted by law for municipal, education, literary, scientific, religious or charitable purposes."*

It is contended that the act in question violates the mandatory provisions of the above quoted portion of the Florida constitution. Taxation must be at a uniform and equal rate on all taxable property throughout the state and the only exception is that made in the case of intangible property. To select goods, wares and merchandise, commonly known as stock in trade and direct that such stock in trade be assessed at a percentage of invoice cost is in effect differentiating between classes and types of personal property — which is strictly prohibited by the constitution. For instance, under this law, it is entirely possible for a merchant selling plows or other farm implements to pay a tax on 25% of the invoice cost of said implements and then upon sale to the ultimate user, the same property would be subject to assessment by the tax assessor at full cash value. This results in so apparent a conflict and discrimination that it needs no further illustration.

In Graham v. City of West Tampa, 71 So. 926, the Supreme Court of Florida stated that — "Valuations for taxation must have a just relation to the real value of the property assessed, and there must be no substantial inequality in valuations in the various kinds and items of property that are subject to the tax. *The means and methods prescribed for ascertaining the value of property for taxation purposes* must be substantially observed and followed, or else the assessment will be invalid and a taking of property without due process of law." (Italics added.)

After argument of counsel, the court upon consideration finds as follows — (1)  That the court has jurisdiction of the parties

and the subject matter. (2) That chapter 61-295, Laws of Florida 1961, insofar as it purports to amend §192.05, Florida Statutes, violates the provisions of article IX, section 1, of the constitution of Florida, in that the constitution of Florida cannot be modified by legislative act unless so authorized by an amendment to the constitution.

It is thereupon, ordered, adjudged and decreed that chapter 61-295, Laws of Florida 1961, insofar as it purports to amend §192.05, Florida Statutes, is unconstitutional, and the defendant, Claude M. Franks, as tax assessor of Alachua County, is not bound by the provisions thereof.