HENDRY, Judge.
The appellants, taxing authorities, have appealed from a summary judgment entered by the trial court. The issue which was before the court on the appellee’s motion for summary judgment was whether a genuine issue of material fact existed as to the true value of the appellee’s tangible personal property; and if no such factual issue did exist, whether, under the law, the appellee was entitled to a refund of the tax it had paid pursuant to its 1967 personal property tax assessment. The trial court resolved these issues as follows: (a) that there was no genuine issue of fact as to the correct valuation of the appellee’s tangible property, such value being determined in the amount of $164,535.00; and (b) that the applicable law required the defendant taxing authorities to refund amounts paid by the appellees pursuant to the original tax assessment. We affirm.
The 1967 personal property assessment was admittedly predicated upon a tax return filed by the appellee. The record, and the uncontroverted evidence therein, shows that the president of the appellee corporation mistakenly, inadvertently, or erroneously signed that tax return which showed that the stated value of the corporation’s tangible personal property was $329,600.00. He became aware of this error in October, 1967, a time well past the closing of proceedings by the Tax Equalization Board. The record further shows that the appellee made diligent and conscientious efforts to bring the attention of the taxing authorities to the error and remedy the existing situation. These efforts were to no avail.
Thereafter, suit was filed in the Circuit Court of Dade County, wherein, pursuant to § 200.36, Fla.Stat. F.S.A., the appellee sought a refund of personal property taxes it paid. Along with its complaint, the ap-pellee also tendered its check for the full sum then owing, such sum having been based upon the $379,600.00 assessment. By this appeal, the taxing authorities contend that the trial court erred when it refused to apply the doctrine of exhaustion of administrative remedies and which application should have caused the court to enter summary judgment against the appellee.
This argument is without merit. Initially, we observe that the principle is well established in Florida that,
“[WJhere the essential requirements of law are not observed in making valuations of property for assessment, and the valuations as made are shown by admissions or proofs to be clearly excessive, unjust, and unequal, appropriate relief may be had in equity, even though the proceedings authorized by law for seeking relief from administrative officers were not utilized, where the case made shows a flagrant violation of or omission *272 to follow the mandatory requirements of the law in valuing property for taxation.” Graham v. City of West Tampa, 71 Fla. 605, 71 So. 926, 928.
Moreover, we also note that this suit was brought under § 200.36, supra, and the case of Overstreet v. Frederick B. Cooper Company, Fla.App.1959, 114 So.2d 333, basically held that a plaintiff was entitled to seek a determination in the Circuit Court of his claim of illegality of an assessed tax, after having paid such tax under protest, when the purpose of his suit was to obtain refund of such payment, if he should succeed in establishing his non-liability for the payment thereof.
Under either of the above theories, the trial court was eminently correct in granting the summary judgment in favor of the plaintiff below. It would be manifestly unconscionable to allow the taxing authorities to proceed on an admittedly erroneous presumption as to the value of certain property, and further to close an affected person’s avenue of relief without making provision for a just and equitable remedy to cure his plight.
Affirmed.