ADKINS, Justice
(dissenting).
I must respectfully dissent.
The Trial Court found that the method used by Plaintiff’s witnesses for the establishment of the taxable value of the forestry lands by their version of the “income approach” ignored “the value of the standing timber” and was therefore an insufficient basis standing alone for the valuation of forestry property. The Court concluded that Plaintiff had failed to establish a prima facie case as to the alleged excessive assessments on the forestry lands.
The majority opinion refers to Fla.Stats., § 193.22, F.S.A., requiring the assessor to ascertain by personal inspection “the value of the lands including the timber thereon.”
Property itself is a creature of the law and the classification thereof for the purpose of taxation belongs exclusively to the Legislature. The purpose of § 193.22, Fla. Stats., F.S.A., was to classify timber as property subject to taxation so that the value of the land could be assessed independently from the value of the timber when some person purchases the standing timber from the owner of the fee.
In the instant case the productivity of the land depends upon the growth of the timber and an appraisal based upon the income approach takes into consideration, not only the timber standing on the land, but also the future growth. There is no statutory or constitutional provision which requires a valuation of each tree standing upon the land when the assessed value is determined.
The opinion of the District Court emphasizes that Plaintiff’s evidence failed to show the inappropriateness of the other criteria in Fla.Stats., § 193.021, F.S.A.
The evidence discloses that there are three basic approaches in appraising real estate:
(1) The cost approach which deals primarily with the estimated replacement cost of physical improvements less depreciation;
(2) The market or sales comparison approach, where the value is shown by recent sales of comparable property;
(3) The income or economic approach in which the appraiser estimates the amount of income the property is capable of producing under good, competent management and estimates what expenses would be necessary to produce this amount of income. From this he arrives at an estimate of the amount of net annual income which the property is capable of producing. The value the property will produce is determined by capitalization of the net income.
Thus, the term “income” is used as signifying the income producing capacity of the land, not the income actually received by the owner.
The Trial Court, the District Court, and this Court in its majority opinion accepted the testimony of Plaintiff’s witness concerning the farm property to the extent of *315 holding that a prima facie case was made showing that the assessments were illegally excessive. This witness testified, “I think the income approach, or the economic approach, is the most applicable with regard to agricultural property.” Forestry lands are classified as agricultural lands by taxing authorities.
It is true that the tax assessor is a “constitutional officer,” but, just as other county officials, his powers and duties are “prescribed by law.” Fla.Const., Art. VIII, § 6, F.S.A.
Fla.Stats., § 192.31, F.S.A., authorizing the preparation by the Comptroller of a “tentative manual of instructions for tax assessors” contains the following provisions :
“It is hereby declared to be the purpose and intent of this law to secure a just valuation and provide for a uniform and equal assessment as between property within each county or taxing district and as between property in each county and property in every other county or taxing district in this state.” Fla.Stats., § 192.31 (8).
An all-age forest or tree farm devoted to the production of timber will, in most instances, extend into the area of several counties. One county may experience rapid growth and land value increase, prevalent in many areas of our great State, while an adjoining county may retain a steady, non-fluctuating value of real estate. If the pulpwood industry continues, there must be a uniform and equal assessment as between property in one county and property in every other county. By Legislative Act, the Comptroller, under the supervision of the Budget Commission, is vested with sufficient powers and duties of a county tax assessor to attain this goal of uniformity and equality.
Whatever powers and duties the Legislature may give the tax assessor under Fla. Const., Art. VIII, § 6, the Legislature may take away.
The section of the manual prescribing the valuation basis for woodland contains the following provision:
“This section describes a procedure for the appraisal of woodland on the basis of average annual growth from seedling to mature timber. Actually, this is a modified ‘sustained yield’ method in that the annual increment of value represented by growth is recognized, rather than a ‘liquidation’ value. The growth increment is converted into a dollar value. All expenditures including but not limited to management and protection are deducted and the resulting annual net income is capitalized in the same manner as that described for other agricultural lands.”
Fla.Stats., § 193.021, F.S.A., setting forth seven criteria or factors affecting value, should be construed in pari materia with the manual prepared by the Comptroller as such manual is given the force of law by Fla.Stats., § 192.31, F.S.A. In fact, the income approach necessarily takes into consideration all factors bearing upon the value of the land for forestry or agricultural use.
Although the tax assessor is given a “wide discretion” in the valuation of property for purposes of taxation, this discretion is not unbridled. As stated in Graham v. City of West Tampa, 71 Fla. 605, 71 So. 926 (1916):
“While the law accords a range of discretion to the officer authorized to ascertain and determine valuations of property for purposes of taxation, when the officer proceeds in accordance with and substantially complies with the requirements of law designed to ascertain such values, yet, if the steps required to be taken in making valuations are not in fact and in good faith actually taken, and the valuations are shown to be essentially unjust or unequal abstractly or relatively, the assessment is invalid. Valuations of property for taxation must be ascertained in the manner required by law and must have relation to the ac *316 tual value of the property; and there must be no substantial inequality in valuations.” See also 23 F.L.P., Taxation, § 238.
Forestry lands are classified as agricultural lands, so the Court could not, consistently, accept the income approach method in weighing the evidence showing value of the farmland while rejecting the income approach method in weighing evidence showing value of forestry land.
In my opinion the evidence as to value based upon the income approach was sufficient to make out a prima facie case as to illegal excessiveness of the tax assessment. The duty of going forward with the evidence then rested upon the assessor, as the presumption of legality vanished.