PER CURIAM.
The appellee Richter’s Jewelry Co., Inc. filed suit in the circuit court seeking to invalidate the ad valorem tax assessment on its tangible personal property for the tax year of 1967. The trial court granted summary judgment in favor of the plaintiff, and ordered the tax assessor to revalue the property for the purpose of taxation for 1967. The defendants Dade County and its taxing officials appealed therefrom, and cross assigned as error the denial of their motion for summary judgment.
The assessment was in the amount of $1,015,000. Richter claimed it should have been $338,000. The administrative remedy of seeking relief before the Board of Equalization was not pursued by Richter. The trial court held there was an absence of genuine issue of material fact, and, as a basis for holding that Richter was entitled to judgment as a matter of law, found as follows:
“a. The 1967 tangible personal property tax assessment made by the defendant, Dade County Tax Assessor, of the property of the Plaintiff Richter’s Jewelry Company, based on the valuation of $1,015,000 is invalid and illegal. No semblance of an attempt to reach the fair market value of the tangible personal property was made by this deputy tax assessor, and no reliable sources of information were consulted in the valuation process. The valuation of $1,015,000 and the assessment based upon it are found to be entirely arbitrary, capricious, excessive and a denial of due process of law.”
On inspection, the record supports the decision of the trial court in that it shows failure of the assessor to observe, follow and apply the essential practices and method prescribed by law in making the assessment. Neither the assessment valuation of $1,015,000 nor the amount of $338,-000 suggested by Richter were shown to be valuations arrived at in the manner required by law.
Richter’s affidavit shows that when the deputy assessor visited the premises early in 1967 he indicated the valuation for that year was to be increased to $450,000, and that Richter assumed the assessment would be that figure and had no knowledge of the higher valuation which was imposed until after the time for equalization had expired.
Subject to the modification provided for herebelow, we affirm the judgment which rejected the valuation fixed by the assessor and directed that the property be revalued for the 1967 assessment thereon. Also, we affirm the trial court’s denial of the defendants’ motion for summary judgment, on authority of Graham v. City of West Tampa, 71 Fla. 605, 71 So. 926; West Virginia Hotel Corporation v. W. C. Foster Co., 101 Fla. 1147, 132 So. 842.
In the final paragraph of the judgment the trial court reserved jurisdiction “to review the findings of the Tax Assessor after such re-evaluation is made.” The judgment invalidating the assessment and ordering revaluation for assessment of the property for taxes for the year 1967 ended the judicial labor of the court relative to the subject matter of the cause. Without the need for an express reservation, jurisdiction remains in the trial court (inherently and by Art. V, Sec. 6(3) Fla. *377 Const., F.S.A.) to make such orders as may be necessary to enforce its judgment. In this instance that would be to compel the tax assessor to make a revaluation of the property. But in our view it was not proper for the court to reserve jurisdiction, in effect for the purpose of sitting as a board of review or board of equalization, to review the amoimt of the revaluation as made by the tax assessor. To do so would operate to substitute the court for the tax assessor. Accordingly, we modify the judgment by eliminating therefrom the said final paragraph thereof numbered 5.
For the reasons stated, the judgment as modified is affirmed.