262 So.2d 227 (1972)
Reubin O'D. ASKEW, Governor of the State of Florida, et al., Appellants,
v.
MGIC DEVELOPMENT CORPORATION OF FLORIDA, Inc., a Florida Corporation, Appellee.
No. 71-866.
District Court of Appeal of Florida, Fourth District.
April 4, 1972.
Rehearing Denied June 8, 1972.
Robert Lee Shapiro, of Levy, Plisco & Zalla, West Palm Beach, Robert L. Shevin, Atty. Gen., and W.E. Bishop, Jr. and Terry Williams, Asst. Attys. Gen., Tallahassee, for appellants.
Frank E. Booker, of Ryan, Taylor, Booker & Law, North Palm Beach, for appellee.
*228 OWEN, Judge.
By interlocutory appeal the defendants in a taxpayer's suit filed in the Circuit Court pursuant to the provisions of Section 194.171, F.S. 1969, F.S.A., ask us to review an order denying their motions to dismiss and motions for summary judgment.
The complaint was filed December 8, 1970. Although the complaint did not allege the date upon which the defendant tax assessor had certified the assessment roll as provided in Section 193.381, F.S. 1969, F.S.A., the defendant's affidavit filed in support of his motion for summary judgment established that the roll was certified on October 5, 1970, and delivered to the tax collector the same date.
It is our opinion that appellee's complaint was not timely filed and is therefore effectively barred by the provisions of Section 194.151, F.S. 1969,[1] F.S.A. In Dade Drydock Corp. v. Broward County, Fla.App. 1971, 250 So.2d 286, we said that where the taxpayer's suit was filed more than sixty (60) days from the time the assessment roll was certified, the court lacked jurisdiction of the subject matter, citing as authority Harvey W. Seeds Post No. 29, American Legion Dept. of Fla. v. Dade County, Fla.App. 1970, 230 So.2d 696 and Henry v. Dade County, Fla.App. 1963, 149 So.2d 89. In the case of Lake Worth Towers, Inc. v. Gerstung, Fla.App. 1971, 251 So.2d 27, we referred to this statute (or more accurately, its predecessor, Section 192.21(2), F.S. 1967, F.S.A.) as a statute of limitations. Whichever is the better view is a matter of academic interest in this case because the defendants pleaded the 60-day limitation in bar of the suit and established factually that the suit had not been filed within the 60 days following the tax assessor's certification of the assessment roll.
Appellee contends that there are two reasons why the 60-day limitation of Section 194.151, F.S. 1969, F.S.A., is inapplicable to its case.
In the first place, says appellee, at the time this suit was filed on December 8, 1970, there was no statute of limitations applicable to this suit. This is so, it contends, because (1) Section 194.151, F.S. 1969, F.S.A., only established a time for seeking appeals to courts from the decisions of the Board of Equalization, (2) this agency had passed out of existence when its function was taken over by the Board of Tax Adjustment on January 1, 1970, (3) it was the Board of Tax Adjustment to which appellee had unsuccessfully applied for relief, and (4) Chapter 70-243, which provided a statute of limitations for seeking appeal to courts from decisions of the Board of Adjustment, did not become effective until January 1, 1971, and hence was not applicable to the present suit. We reject this as sophistry and caution that the statutory section headings, inserted by the statutory revisors and/or legislative service bureau as a convenient visual reference to the content, are not themselves a part of the statute. The substance of the statute has been an integral part of the statutory scheme of ad valorem taxation for a number of years and we are satisfied that there was no legislative intent to suspend at any time the requirement that suit be filed within sixty (60) days from the time the assessor has certified the assessment roll.
Secondly, appellee contends, even if the 60-day limitation were applicable the limitation would not commence to run as against its property since it had elected to proceed to arbitration under Section 194.033, F.S. 1969, F.S.A., and therefore its property was not "certified" at the time the assessment roll itself was certified. The only support appellee has for this argument is Section 193.122(1), F.S. 1970, F.S.A., which became effective January 1, 1971, and applied to the 1971 tax roll. Even if that provision had applied to the 1970 *229 tax roll, however, it would not have helped appellee. Section 193.122(1), F.S. 1970, F.S.A., refers to certification by the Board of Tax Adjustment, and allows for excepting property then before boards of arbitration. However, the certification by the tax assessor, as provided in Section 193.122(2), is the event which commences the running of the sixty-day limitation,[2] and there is nothing in this subsection to suggest that property before boards of arbitration is excluded from the roll as certified by the tax assessor.
We do not find it necessary to decide the other questions raised on this appeal in view of our disposition of the case. The order appealed is reversed and this cause remanded for entry of an order dismissing the suit with prejudice.
Reversed and remanded.
REED, C.J. and SACK, MARTIN, Associate Judge, concur.
NOTES
[1] 194.151. Time for seeking appeal to courts from board of equalization decision.

No assessment shall be held invalid unless suit is instituted within sixty days from the time the assessment roll is certified as provided in § 193.381.
[2] There appears to be a clerical error in Section 194.151, as it appears in the 1970 supplement to Florida Statutes, 1969. It refers to Section 193.122(1), whereas the Session Law (Section 30, Chap. 70-243) makes reference to Section 193.122(2).