HENDRY, Judge.
The City of North Miami appeals an order by the trial court enjoining the city from denying a renewal of the appellees’ building permit.
The city’s primary point on appeal is whether or not the court had jurisdiction to enter the order. The appellees filed a petition in the court on August 27, 1973 for an order to show cause why the city should not be held in contempt for failure to comply with the court’s final judgment, dated December 2, 1972.
The judgment granted the appellees’ petition for a writ of mandamus and a permanent injunction enjoining the city from denying the appellees a building permit for construction of a multi-family facility.
Thereafter, the city issued the building permit on March 5, 1973, which unless extended, expired on June 5, 1973. On June 12, 1973, the city’s director of building and zoning, Glenn Story, notified appellees by letter that the permit had expired and was therefore revoked, allegedly due to the fact that insufficient progress had been made at the construction site.
In the petitidn for an order to show cause, the appellees alleged that they had effected the demolition of three buildings, cleared the site, surveyed and staked out the building, excavated, placed steel, poured concrete for partial footing work, and have conducted vibratory compaction at the site according to recommendatidns of their engineers.
The petition further alleged that the city was attempting to circumvent the court’s previous order and to harrass the appellees.
The court, over the city’s objection, conducted an evidentiary hearing which revealed that progress at the site was adequate and that a building permit had never been known to have been revoked under the circumstances of the present case.
Thereupon, the court entered the order now appealed in which the court found jurisdiction to determine under general equitable principles whether its decree was being complied with and whether the city should be held in contempt.
The court did not find the city in contempt; however, it did rule that the city’s actions were in violation of the intent and purpose of the court’s previous order, and the court again enjoined the city from denying an extension of the appellees’ building permit and from preventing further construction.
It is the city’s contention that the court acted without jurisdiction, in effect conducting an administrative review of the city’s actions. We disagree.
*44 While there are situations where it would be improper for the court to retain jurisdiction to enforce its judgment, thereby acting as an administrative review board [see, Dade County v. Richter’s Jewelry Co., Fla.App.1969, 223 So.2d 375], it is likewise true that a court which has granted a permanent injunction has inherent power to enforce it. 42 Am.Jur.2d Injunctions § 339; 17 Fla.Jur. Injunctions § 93.
In the instant case, the trial judge was correct in determining -that he retained inherent authority to insure that the court’s earlier order was being complied with in good faith by the city.
We also have considered the city’s second point on appeal and find it to be without merit.
Therefore, for the reasons stated, the order appealed is affirmed.
Affirmed.