298 So.2d 570 (1974)
DADE COUNTY, a Political Subdivision of the State of Florida, et al., Appellants,
v.
TRANSPORTES AEREOS NACIONALES, S. A. (Tan Airlines), a Foreign Corporation, Appellee.
No. 74-36.
District Court of Appeal of Florida, Third District.
June 28, 1974.
Rehearing Denied August 7, 1974.
*571 Stuart L. Simon, County Atty., and R.A. Cuevas, Jr., Asst. County Atty., for appellants.
Batchelor, Brodnax, Guthrie & Kindred, and Timothy J. Armstrong, Miami, for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Defendant-appellants seek review of an adverse final summary judgment (1) declaring the leasehold interests of plaintiff-appellee to be totally exempt from taxation, (2) cancelling the 1972 real property taxes assessed thereon, and (3) permanently enjoining and restraining the defendants from taking any action to collect or enforce payment of any 1972 real property taxes on the leaseholds of appellee.
Plaintiff-appellee, Transportes Aereos Nacionales, S.A. (hereinafter referred to as TAN Airlines), is a commercial airline which maintains at Miami International Airport an aircraft operation and overhaul base, an airline terminal facility for foreign flights, executive, reservations and accounting offices and a cargo handling facility in space leased to it from the defendant Dade County. Defendant-appellants, collectively known as the Dade County Taxing Authorities, including Dade County, assessed TAN Airlines leasehold interests at Miami International Airport for the year 1972 and subsequently in October 1972, plaintiff, TAN Airlines, received a 1972 real estate tax notice based on the assessment. Thereafter, on March 15, 1973 plaintiff filed its complaint for cancellation of the tax assessment, an injunction and other equitable relief. In response thereto defendants filed a motion to dismiss and as grounds therefor alleged (1) that the court lacked jurisdiction over the subject matter in that plaintiff failed to bring this action within 60 days from the date the tax assessment roll was certified for collection (on October 3, 1972) as required by § 194.171(2), Fla. Stat., and (2) the complaint fails to state a cause of action in that plaintiff failed to exhaust its administrative remedies in not filing a petition for equalization or appearing before the Tax Adjustment Board. After hearing oral argument thereon, the court denied this motion and thereupon defendants filed their answer in which they alleged as affirmative defenses (1) the failure of plaintiff-appellee to exhaust its administrative remedies, and (2) the untimeliness of the filing of the suit attacking the subject assessment. TAN Airlines then filed a motion for summary judgment. Defendants also filed a motion for summary judgment with an affidavit attached thereto alleging that plaintiff failed to apply for a *572 tax exemption for 1972. At the conclusion of the hearing on these motions for summary judgment, the court found as follows: (1) that plaintiff was not required to file an annual application for exemption as required by § 196.011(1), Fla. Stat. because plaintiff did not hold legal title to the real property in question, (2) plaintiff was not required to file a timely petition for equalization to appear before the Board of Tax Adjustment or to file suit within the time provided by § 194.171(2), Fla. Stat. under the ruling of the Florida Supreme Court in Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1, and (3) pursuant to the decision of the Florida Supreme Court in Dade County v. Pan American World Airways, 275 So.2d 505,[1] the plaintiff is entitled to total exemption from the 1972 real property taxes as a matter of law. Thereupon, the summary final judgment was entered in favor of plaintiff wherein the court declared the plaintiff's leasehold interests to be totally exempt from taxation, cancelled the 1972 real property taxes assessed against the leasehold interests and permanently enjoined defendants from attempting to collect or enforce payment thereof. Defendants appeal therefrom. We reverse.
On appeal, defendant-appellants contend that it was error to deny their motion to dismiss and grant summary judgment in favor of the plaintiff which claims exemption as a lessee of governmental property which serves a public purpose because plaintiff failed to exhaust its administrative remedies, failed to timely file suit and failed to file an annual application for exemption on its leasehold interests.
In Dade County v. Pan American World Airways, Inc., Fla. 1973, 275 So.2d 505, the Florida Supreme Court held that leasehold interests like those of plaintiff TAN Airlines were exempt from ad valorem taxation under § 196.25(2)(c) [Now § 196.199(2)(a)].
In essence, the issue for our determination is whether the assessment in the case sub judice is void so as to have permitted plaintiff-appellee to institute the instant court action to challenge the subject assessment without exhausting its administrative remedies, filing suit within 60 days of certification of the tax roll, or filing an application for an exemption or voidable in which event plaintiff is barred from contesting the assessment at this late date.
A "void" assessment is one which is not authorized by law, where property is not subject to the tax assessed, or where the tax roll is illegal due to some affirmative wrongdoing by the taxing official. St. Joe Paper Company v. Ray, Fla.App. 1965, 172 So.2d 646; C.D. Utility Corporation v. Maxwell, Fla.App. 1966, 189 So.2d 643. On the other hand, a voidable assessment has been defined as one which is made in good faith but is irregular or unfair and the taxpayer must move in due time and must make a full and clear showing of right to appropriate relief. Hackney v. McKenney, 113 Fla. 176, 151 So. 524 at 528 (1933).
We conclude that the assessment in the instant case was "voidable". The plaintiff's leasehold interests but for the exemption is taxable and thus, there was some statutory authority for imposing the challenged assessment which was made in good faith. §§ 196.001(2) and 196.199(2)(a), Fla. Stat. The exempt status of the subject leaseholds stems not from the nature or the ownership of the property, but rather from its use which is the determining factor in whether or not otherwise taxable property is exempt from taxation. See, e.g., §§ 196.196 and 196.197, Fla. Stat. and § 196.199(2)(a), Fla. Stat. Thus, we have determined that the assessment in the case sub judice properly is categorized as "voidable".
It is undisputed that plaintiff, TAN Airlines, did not file a petition for equalization *573 or appear before the Board of Tax Adjustment. In light of the above determination, plaintiff-appellee, having failed to exhaust its administrative remedies, now is precluded from complaining. See Marx v. Welch, Fla.App. 1965, 178 So.2d 737.
In addition, § 194.171(2), Fla. Stat. requires that an action to contest a tax assessment be brought within 60 days from the date the assessment roll is certified for collection. The assessment roll in the case at bar was certified for collection on October 3, 1972. Thus, we find appellee's complaint filed on March 15, 1973 was untimely and barred by the above 60 day statute of limitations. See Askew v. MGIC Development Corporation of Florida, Inc., Fla.App. 1972, 262 So.2d 227.
Last, it is also apparent that plaintiff did not file in 1972 an application for exemption on the leasehold interests as required by § 196.011(1), Fla. Stat. thereby waiving the exemption privilege for that year. See Horne v. Markham, Fla. 1973, 288 So.2d 196. Appellee argues that it has no duty to file an annual application for exemption because it is not the holder of the legal title to the real property. We cannot agree. It has been established in this jurisdiction that during the life of a lease, the lessee holds an outstanding leasehold estate in the premises, which for all practical purposes is equivalent to absolute ownership. State Road Department v. White, Fla.App. 1962, 148 So.2d 32 at 34 and cases cited therein. Further, § 196.001(2), Fla. Stat. makes leasehold interests in government property subject to taxation and the burden is upon the plaintiff to demonstrate that the use to which plaintiff puts its leasehold interests qualifies the leaseholds for an exemption by filing the requisite application with the county tax assessor.
Before concluding, we deem it necessary to discuss briefly the Supreme Court case of Lake Worth Towers, Inc. v. Gerstung, Fla. 1972, 262 So.2d 1, upon which the trial judge relied in holding the subject assessment invalid and, in effect, void and, therefore, finding that the plaintiff was not required to file a timely petition for equalization to appear before the Board of Tax Adjustment, or to file suit within the time provided by § 194.171(2), Fla. Stat. After a careful reading of this case we find the trial judge's reliance thereon is misplaced. In Lake Worth Towers, Inc., supra, the Supreme Court was confronted with a situation wherein the petitioner's property clearly qualified for an unimproved land assessment, but had been assessed for the value of both the realty and the improvements. The full-value assessment in that case was found to be void as there was no statutory authority for the imposition thereof. Clearly, that case is distinguishable from the case sub judice.
For the reasons cited hereinabove, the judgment is reversed and the cause remanded with directions to enter summary final judgment in favor of defendant-appellants.
Reversed and remanded.
NOTES
[1] We note that counsel for the respective parties herein entered into a stipulation on April 3, 1973 to hold in abeyance all proceedings in the cause pending the ultimate decision in the above cited case.