PER CURIAM.
By this Interlocutory Appeal, appellant seeks reversal of an order of the trial judge denying appellants’ motion for judgment on the pleadings in a case wherein appellee filed a complaint challenging the assessment of appellee’s property for the calendar year 1972. The complaint alleged that appellee returned its property during the subject year at the value of $13,-042,934.00 but that “assessor made and entered upon the assessment books as of January 1, 1972, a total assessed valuation of plaintiff’s real and personal property (with additions) of $21,730,957.00.” The complaint further alleged that “The assessment value thereof has been arrived at by Assessor by the application of criteria different from that applied to other taxpayers of the county, and the value as fixed by Assessor for the year 1972 is arbitrary, unreasonable and grossly excessive and constitutes an illegal and invalid valuation of the property.”
Our affirmance here of the order appealed is not intended to be construed as expression of an opinion as to whether ap-pellee is or is not ultimately entitled to relief upon being heard on the merits of its complaint. We here only hold that the learned trial judge did not err when he denied appellants’ motion for judgment on the pleadings. (See West Virginia Hotel Corporation v. W. C. Foster Company, Sup.Ct.Fla. 1931, 101 Fla. 1147, 132 So. 842 and Graham v. City of West Tampa, Sup. Ct.Fla.1916, 71 Fla. 605, 71 So. 926.)
In addition to the many cases cited in appellants’ brief,[1] appellants have called to our attention a recent case of our sister court of the Third District, Dade County v. Transportes Aereos Nacionales, S.A., Fla.App. 3rd 1974, 298 So.2d 570. We find, however, that that case, like the others cited by appellants, is not controlling here.
Affirmed.
BOYER, Acting Q J., JOHNSON, J., and SPECTOR, SAM, Associate Judge, Retired, concur.

. Dickinson v. Davis, Sup.Ct.Fla.1969, 224 So.2d 262; Stiles v. Brown, Sup.Ct.Fla.1966, 182 So.2d 612; Marx v. Welch, Fla.App.3rd 1965, 178 So.2d 737; and Harvey W. Seeds Post No. 29, American Legion, Department of Florida v. Dade County, Fla.App.3rd 1970, 230 So.2d 696.