SMITH, Acting Chief Judge.
Merritt Square appeals from a circuit court judgment holding it liable to pay the tax imposed by Section 203.01, Florida Statutes (1975), on receipts collected from its shopping center tenants for electricity produced by Merritt Square and sold to its tenants. The text of the statute clearly requires payment of the tax:
Every person . . . receiving payment for electricity for light, heat or power . . . shall report semiannually to the Department of Revenue . . . the total amount of gross receipts derived from business done within this state . . . and, at the same time, shall pay into the state treasury the sum of $1.50 upon each $100 of such gross receipts.
*144 The catchline of Section 203.01 is misleadingly labeled “Public service corporations, tax upon gross receipts.” Merritt Square is not a “public service corporation” but is rather a private utility. Department of Revenue v. Merritt Square Corp., 334 So.2d 351 (Fla. 1st DCA 1976). The misleading catchline has appeared repeatedly in Florida Statutes since 1941, and it was referred to by the legislature in the title to Chapter 57-819, Laws of Florida, which amended the statute in a manner not here pertinent. These references to “public service corporations,” though confusing and worthy of corrective legislation, are not part of and do not modify the unambiguous text of the statute. Askew v. MGIC Development Corp. of Florida, 262 So.2d 227 (Fla. 4th DCA 1972); McCulley Ford, Inc. v. Calvin, 308 So.2d 189 (Fla. 1st DCA 1974), cert. denied, 314 So.2d 592 (Fla.1975). We considered Merritt Square’s other point on the appeal and find it unavailing.
AFFIRMED.
ERVIN and BOOTH, JJ., concur.