Mr. Randy Miller Executive Director Department of Revenue Room 102, Carlton Building Tallahassee, Florida 32301
Dear Mr. Miller:
This is in response to your request for an opinion on the following questions:
 1. IS THE DEPARTMENT OF REVENUE AUTHORIZED TO COLLECT TAXES IMPOSED BY ORDINANCE UNDER EITHER SENATE BILL 9-C OR SENATE BILL 12-C?
 2. IF THE ANSWER TO QUESTION 1 IS IN THE AFFIRMATIVE, IS THE DEPARTMENT OF REVENUE AUTHORIZED BY STATUTE OR LAW TO PAY OVER THE MONEY COLLECTED BY VIRTUE OF TAXES IMPOSED PURSUANT TO COUNTY ORDINANCE DULY ENACTED UNDER EITHER SENATE BILL 9-C OR SENATE BILL 12-C, TO THE COUNTY, CITY, OR OTHER LOCAL AUTHORITY OR ENTITY, IN THE COUNTY WHEREIN SUCH TAX IS LEVIED?
 3. IF THE ANSWERS TO QUESTIONS 1 AND 2 ARE IN THE AFFIRMATIVE, IS THE DEPARTMENT OF REVENUE AUTHORIZED TO DEDUCT ADMINISTRATIVE COSTS FOR THE COLLECTION OF TAXES IMPOSED BY A COUNTY PURSUANT TO THE PROVISIONS OF SENATE BILL 12-C OR SENATE BILL 9-C AND IF SO, IN WHAT AMOUNTS?
Senate Bill 9-C, Ch. 83-354, Laws of Florida, authorizes certain counties to impose by ordinance a 3 percent convention development tax on the amount of any payment made by any person for the rental, lease, or use for a period of 30 days or less of any living quarters or accommodations in a hotel, apartment hotel, motel, resort motel, apartment, apartment motel, rooming house, tourist or trailer camp, or condominium. The Legislature specifically provided in said bill how the tax revenues and any interest accrued thereon shall be used and provided for the appointment of a municipal authority to administer and disburse such revenues.
Chapter 83-354, Laws of Florida, contains no language authorizing or directing the Department of Revenue to administer, collect, or enforce the tax imposed by county ordinance enacted pursuant to the aforesaid law. Moreover, Ch. 83-354, supra, contains no language authorizing or requiring the Department of Revenue to disburse, transfer or distribute any funds generated from the tax to the county or city nor does said law by its terms create any trust fund as the repository of these tax revenues or provide statutory authority for the Department of Revenue to distribute or disburse funds from any such trust fund or from the general revenue fund. In short, the aforesaid law makes no specific reference to the Department of Revenue and does not by its terms impose any statutory duty, responsibility or authority on the Department of Revenue with regard to the administration, collection, and enforcement or disbursement or distribution of the tax authorized to be imposed by ordinance by certain counties.
Senate Bill 12-C, Ch. 83-356, Laws of Florida, is virtually identical to Senate Bill 9-C, Ch. 83-354, Laws of Florida, in authorizing certain counties to levy a convention development tax on certain rentals or leases, in providing for specified uses of the tax revenues and in authorizing or permitting the designation or appointment of an authority to administer and disburse the proceeds from the tax. In short, neither Senate Bill 9-C (Ch. 83-354, Laws of Florida) nor Senate Bill 12-C (Ch. 83-356, Laws of Florida) makes any reference to the Department of Revenue and neither imposes any statutory duties or responsibilities or confers any authority upon the Department of Revenue with regard to the collection, administration or distribution of the tax authorized to be imposed therein.
It is well established under Florida law that administrative officers and agencies have only such powers or authority grantedby statute and that where there is a question as to the existence of authority, the question should be resolved against the existence of the authority. See, Florida State University v. Jenkins, 323 So.2d 597 (1 D.C.A. Fla., 1975); Dept. of Health and Rehabilitative Services v. Florida Psychiatric Soc.,382 So.2d 1280 (1 D.C.A. Fla., 1980); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); St. Regis Paper Company v. State, 237 So.2d 797 (1 D.C.A. Fla., 1970); Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); State v. Smith, 35 So.2d 650 (Fla. 1948).
As previously stated, there is no provision in Chs. 83-354 or 83-356, Laws of Florida, which imposes any statutory duty, responsibility, power or authority on the Department of Revenue with regard to the administration, collection and enforcement or disbursement or distribution of the convention development tax authorized to be imposed by the affected counties. Based upon the foregoing principles of law, it is my opinion that the Department of Revenue is not authorized or required by statute to administer, collect and enforce or disburse or distribute the convention development tax authorized to be imposed by certain counties under the provisions of Chs. 83-354 and 83-356, Laws of Florida. Your first question is accordingly answered in the negative, which renders your remaining questions moot.
In further support of my opinion and by way of example, please see Senate Bill 11-C, Ch. 83-355, Laws of Florida, which imposes specific duties and responsibilities on the Department of Revenue in regard to administration, collection, and enforcement of the discretionary additional 1 percent tax authorized by that statute and provides for the distribution and administrative costs with reference to that tax. In addition, Senate Bill 11-C specifically authorizes the Department of Revenue to deposit the money collected pursuant thereto in a `Criminal Justice Facilities Tax Trust Fund' created by said law instead of depositing the same in the General Revenue Fund of the State as required by s 212.20, F.S. See also, s 10, Ch. 82-154, Laws of Florida, relating to the Local Government Half-cent Sales Tax, creating the Local Government Half-cent Sales Tax Clearing Trust Fund and providing that moneys in the fund be distributed monthly by the Department of Revenue to participating units of local government. Cf., the Local Option Tourist Development Act, s 125.0104, F.S., and more specifically ss 125.0104(3)(f), (g), and (h), F.S.; s 212.055, F.S. (1982 Supp.), which do not set up specific trust funds but do specifically direct how disbursement should be made by the Department of Revenue.
Chapters 83-354 and 83-356, Laws of Florida, do not set up any kind of trust fund in which the moneys collected are to be deposited and do not set forth how moneys, if collected by the Department of Revenue, should be disbursed back to the participating counties or the costs of administration paid. In short, assuming arguendo that the Department of Revenue were to administer and collect the tax authorized to be imposed by the respective laws, the funds so collected would have to be deposited in the General Revenue Fund of the State as required by s 212.20, F.S., and, to date, there exists no statutory authority to distribute or disburse the funds from the General Revenue Fund of the State, or elsewhere, back to respective participating counties for their use. Consequently, in spite of the language in one bill, i.e., Senate Bill 9-C, Ch. 83-354, Laws of Florida, that `Section 212.057, Florida Statutes, is created to read: . . .', which would, by implication, trigger the applicability of s212.18, F.S., it is my opinion that the Legislature did not intend that funds collected pursuant to a convention development tax levied by a county be deposited in the General Revenue Fund of the State without a means of disbursement back to the participating respective counties. See, Merritt Square Corp. v. State, Department of Revenue, 354 So.2d 143 (1 D.C.A. Fla., 1978), wherein it was held that a misleading catchline, though confusing and worthy of corrective legislation, is not part of and does not modify the unambiguous text of the statute. Cf., Askew v. MGIC Development Corporation of Florida, 262 So.2d 227 (4 D.C.A. Fla., 1972). It is accordingly my opinion that corrective legislation is necessary if the Legislature intends to impose upon the Department of Revenue the authority and duty to administer, collect and enforce or distribute or disburse the funds which may be realized by imposition by certain counties of the convention development tax.
In summary, it is my opinion, until legislatively determined otherwise, that the Department of Revenue is not authorized to administer, collect, and enforce or disburse or distribute tax revenues realized through the imposition by certain counties of the convention development tax authorized to be levied pursuant to Chs. 83-354 and 83-356, Laws of Florida.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General