## PETRIE v BYSTROM, etc., et al.

### Case No. 86-10046 (29)

Eleventh Judicial Circuit, Dade County

March 25, 1987

### APPEARANCES OF COUNSEL

**Granville E. Petrie, Jr., P.A.,** for plaintiff.

**Robert A. Ginsburg,** Dade County Attorney, and **Dianne S. Smith,** Assistant County Attorney, for defendants.

### OPINION OF THE COURT

FREDERICK A. BARAD, Circuit Judge.

### *SUMMARY FINAL JUDGMENT*

This cause came before the Court on March 13, 1987 on Defendants'

Motion for Summary Judgment. The Court having heard argument of counsel, having reviewed the authorities submitted by the parties and being otherwise fully advised in the premises finds:

1. The facts remain uncontroverted that Plaintiff failed to file a tangible personal property tax return for 1985 as required by Section 193.052(1)(a), Fla. Stat., and Section 193.062(1), Fla. Stats. Florida law holds that where the owner of tangible personal property fails to file a return as required by law, he is not entitled thereafter to assault the ultimate assessment on the ground that he had no knowledge thereof or was deprived of an opportunity to contest the assessment before the Property Appraisal Adjustment Board. *Mariani v. Schleman,* 94 So.2d 829 (Fla. 1957). Department of Revenue Rule 12D-1.04(3) provides: An assessment may not be contested until a return, if required, is filed by the taxpayer.

2. The taxpayer attempted to show by means of a deposition that his assessment was void because the Property Appraiser failed to consider all of the factors of Section 193.011, Fla. Stats. The Property Appraiser's representative stated on cross-examination, however, that all of the factors were considered but not all were used in arriving at the assessment. Great weight was accorded the 1984 tangible personal property tax return which the taxpayer disputes as erroneous although he signed it. If the Property Appraiser indeed failed to consider all of the factors of Section 193.011, Fla. Stats. the assessment might be voidable, but not used. Where a tax assessment is voidable, as opposed to void, the taxpayer must move in due time and make a full and clear showing of the right to appropriate relief. *Dade County v. Transportes Aereos Nacionales, S.A.,* 298 So.2d 570 (3d DCA 1974). Having failed to file the required personal property tax return, the taxpayer was unable to make a full and clear showing of his right to relief.

3. The void/voidable issue was not raised in the pleadings. Florida law provides that at summary judgment hearings only those issues made by the pleadings may be considered by the court. *Reina v. Gingerale,* 472 So.2d 530 (3d DCA 1985). Therefore, the void/voidable issue which was not raised in the pleadings cannot now be raised at this hearing for Summary Judgment.

Wherefore, based upon the foregoing Findings of Fact and Conclusions of Law, it is

ORDERED and ADJUDGED as follows:

1. Plaintiff's Complaint is hereby dismissed with prejudice as being barred for want of subject matter jurisdiction as a result of Plaintiff's failure to file a tangible personal property tax return as required by Sections 193.052(1)(a) and 193.062(1), Fla. Stats. (1985).

2. There is no genuine issue of material fact and Summary Final Judgment is hereby entered in favor of Defendants, who shall go hence without day.

3. The Court reserves jurisdiction to tax costs, if any, in favor of Defendants.

DONE and ORDERED in Chambers at Miami, Dade County, Florida, this 25th day of March, 1987.