CITY OF WEST PALM BEACH, a Municipal Corporation, and FRANK M. HANNON, as Tax Collector of said City, v. GEORGE C. EPPELMAN.

181 So. 894.

Opinion Filed June 9, 1938.

*Paul W. Potter,* for Appellants;
*Beacham & Gaulden,* for Appellee.

CHAPMAN, J.—This case is before the Court on an appeal from an order of the Circuit Court of Palm Beach County, Florida, dated July 9, 1937, denying a motion to dismiss the bill of complaint and granting a temporary restraining order. The parties in this opinion will be referred to as they appeared in the lower court, as plaintiff and defendants. The sworn bill of complaint alleges, among other things, the over-valuation of his three-story apartment hotel property located in the City of West Palm Beach, Florida, and that the excessive assessment was made by the officials of said city. The property was by the city assessed at the sum of $75,860.00, an amount in excess of its cash value, while the plaintiff below asserted that the financial history of the property based upon its annual revenue was the sum of $17,951.00 and the amount of an assessment of the property above said figure would not only be excessive, but discriminative and confiscatory.

The motion to dismiss contains some 10 or 12 grounds and ground 1 is: "Sufficient facts are not alleged in said bill of complaint to show the full cash value or the actual value of the property involved." Another ground was: "The facts alleged in said bill of complaint are insufficient to entitle the plaintiff to any relief in a court of equity." One of the questions raised by the appeal here is, broadly speaking: "Is there equity in the bill of complaint?"

The bill of complaint is brought under Section 1038 C. G. L., which is as follows:

"The courts of chancery in this State shall have jurisdiction in all cases involving the legality of any tax, assessment or toll, and shall inquire into and determine the legality, equality and validity of the same under the Constitution and laws of the State of Florida, and shall render decrees setting aside such tax, assessment or toll, or any part of the same, that shall appear to be contrary to law;

Provided, that the complainant in every case tender into court and file with the bill of complaint the full amount of any such tax, assessment or toll which he shall admit to be legal and due by him, or file with the bill of complaint a receipt showing payment of the same prior to the institution of the suit. (Chap. 8586, Acts 1921, Sec. 1.)

Also under Section 1039 C. G. L., viz.:

"In any such cases, the court may issue injunctions to restrain the sale of real or personal property for any tax, assessment or toll which shall appear to be contrary to law or equity, and in no case shall any bill be dismissed because the tax assessment or toll complained of, or the injunction asked for, involves personal property only."

In the case of West Virginia Hotel Corp. v. Foster, 101 Fla. 1147, text 1162, 132 So. 842, this Court had before it a similar question and statute 1038 C. G. L., *supra,* when, speaking through Mr. Justice Brown, it said:

"Under these allegations of over-valuation, was the complainant required to first seek adjustment before the administrative body provided for the equalization of valuations and assessments before coming into a court of equity? We hardly think so. See Graham v. City of West Tampa, 71 Fla. 605, 71 So. 926, and City of Tampa v. Palmer, *supra,* 89 Fla. 514. In the able opinion of Mr. Justice Strum in the last cited case, it was pointed out that if the over-valuation was the result of mere inadvertence or *bona fide* mistake of judgment, the remedy of the taxpayer is to go before the administrative body provided for the equalization of tax assessments, unless the valuation is so flagrantly and obviously excessive as, within itself, to amount to a fraud, and clearly imputes to the tax assessor an intention to arbitrarily discriminate against the complaining taxpayer * * *"

Section 46 of Chapter 16758, Special Acts of 1933, which is the charter of the City of West Palm Beach, designated

and fixed the extreme limit of the amount for which said city could assess property within the corporate limits thereof, viz.: "but the valuation placed on real and personal property by said city may exceed the State and county valuation, *but shall not exceed the actual cash value of the property.*" (Emphasis supplied.) It will be observed that the assessing authorities of said city are limited in the amount of the assessment, "which shall not exceed the actual cash value of the property." The allegations of the bill of complaint placed the assessment at the sum of $75,-860.00, while the value of the property based on its net annual income is the sum of $17,951.00. The learned Chancellor below no doubt thought or believed *the actual cash value of the property* described in the bill of complaint was at some point between the two figures, because he denied the motion to dismiss the bill of complaint and granted the application for a restraining order. It was in his mind, after the pleadings were settled, to hear the testimony and enter such a final decree as the law and the evidence justified. We think there was equity in the bill of complaint. See Graham v. West Tampa, 71 Fla. 605, 71 So. 926; Camp Phosphate Co. v. Allen, 77 Fla. 341, 81 So. 503; City of Tampa v. Palmer, 89 Fla. 514, 105 So. 115; West Virginia Hotel Corp. v. Foster, 101 Fla. 1147, 132 So. 842; City of Tampa v. Colgan, 111 Fla. 538, 149 So. 587.

We now pass to the second question raised by this appeal, viz.: Did the lower court err in granting the restraining order? This Court has repeatedly held that the issuance of a restraining order is always addressed to the sound judicial discretion of the Chancellor. We have carefully reviewed all the evidence before the Chancellor below when he entered an order allowing the injunction. We have reviewed the authorities controlling a Chancellor in granting

690

or refusing an injunction and we fail to find error in the acts and doings on the part of the lower court.

The allowance of ·a temporary injunction rests in the sound judicial discretion of the trial court, guided by the established rules and principles of equity jurisprudence arising from the facts of the particular case. McMullen v. County of Pinellas, 90 Fla. 398, 106 So. 73; Savage v. Parker, 53 Fla. 1022, 43 So. 507; Gillis v. State Live Stock Sanitary Board, 94 Fla. 890, 114 So. 509; Builders Supply Co. v. Acton, 56 Fla. 756, 47 So. 822; Holt v. DeLoach-Edwards Co., 56 Fla. 902, 48 So. 1039; Allen v. Hawley, 6 Fla. 142, 63 Am. Dec. 198; McKinnie v. Dickenson, 24 Fla. 366, 5 So. 34; Taylor v. Florida East Coast R. Co., 54 Fla. 635, 45 So. 574, 127 Am. St. Rep. 155, 16 L. R. A. (N. S.) 307, 14 Ann. Cas. 472; Viser v. Willard, 60 Fla. 395, 53 So. 501; Linton v. Denham, 6 Fla. 533.

We find no error in the ruling by the lower court and the order or decree appealed from is hereby affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.