CITY OF CORAL GABLES, and G. A. BOWEN, as Tax Assessor for the City of Coral Gables, v. FLUVIA CORPORATION, a Florida corporation for itself, and for all others similarly situated.

185 So. 621.

Opinion Filed December 16, 1938.
Rehearing Denied January 24, 1939.

An appeal from the Circuit Court for Dade County, Paul D. Barns, Judge.

*Morton B. Adams* and *Charles A. Carroll,* for Appellants;

*Benjamin E. Carey. Shutts & Bowen* and *Joseph F. Mc-Pherson,* for Appellee.

CHAPMAN, J.—This case is here on appeal from a tem-

porary restraining order entered by the Circuit Court of Dade County, Florida, enjoining the re-assessment, levy and collection of ad valorem taxes by the City of Coral Gables, Florida, a municipal corporation, for the years 1928, 1929 and 1930 on certain real estate accurately described in the bill of complaint. The charter of the City of Coral Gables is Chapter 13792, Special Acts, Laws of 1929. Section 44 thereof provides that the General Laws of Florida upon the subject of taxation shall apply to and govern in the assessment, levy and collection of taxes in the City of Coral Gables and in the return and sale of property delinquent therefor * * * and shall have full force and effect in said City as far as the same may be applicable. It was made to appear that the assessments made by the City of Coral Gables for the years 1928, 1929 and 1930 were by this Court held invalid on May 27, 1936, in the case of Coombes v. City of Coral Gables, 124 Fla. 374, 167 So. 524.

On July 23, 1936, the lower court made and entered its final decree some few days after the issuance of the mandate from this Court. The City of Coral Gables, on May 31, 1938, under Chapter 9180, Laws of Florida, Acts of 1923, being Section 925 C. G. L., attempted to re-assess for the years 1928, 1929 and 1930, the property of the plaintiff involved in the suit of Coombes v. City of Coral Gables, *supra*. The lower court restrained or enjoined the attempted re-assessment on July 13, 1938. Counsel for defendant moved the court for a modification of the restraining order or injunction, which was by the lower court denied. These adverse rulings were appealed from and assigned as error and a reversal thereof is sought in this Court.

It is contended by appellee that a Court of Chancery has jurisdiction to enjoin or restrain the assessment, levy and

collection of an illegal tax which if assessed or collected would cast a cloud on the title to the said land. We do not think or believe it necessary for the plaintiff to file its bill of complaint and pay money into the Registry of the Court under Section 1038 C. G. L., because it is asserted here that no part of the alleged assessment is a legal tax. The right to maintain the suit at bar is sustained by City of West Palm Beach v. Eppelman, 132 Fla. 686, 181 So. 894; Ranger Realty Co. v. Hefty, 112 Fla. 654, 152 So. 439; Thursby v. Stewart, 103 Fla. 990, 138 So. 742; Roberts v. American National Bank, 94 Fla. 427, 115 So. 261; Pickett v. Russell, 42 Fla. 116, 28 So. 764.

If the City of Coral Gables has the power or authority to re-assess the property for the omitted years of 1928, 1929 and 1930 during the year 1938 which the lower court restrained, then the power or authority to re-assess the same must be given by Chapter 9180, Laws of Florida, Acts of 1923, being Sections 925 and 926 C. G. L., viz.:

"925. ASSESSMENT LEVIED ON PROPERTY FOR BACK TAXES; LIMITATION. When it shall appear that any *ad valorem* tax might have been lawfully assessed or collected upon any property in the State of Florida, but that such tax was not lawfully assessed or levied, and has not been collected for any year within a period of three years next preceding the year in which it is ascertained that such tax has not been assessed, or levied or collected, then it shall be the duty of the officers authorized to make the assessment of taxes upon such property, in addition to the assessment of such property for the current year, to assess the same separately for such year or years that such property may have escaped taxation at and upon the basis of valuation applied to such property for the year or years in which it escaped taxation, noting distinctly the year when such property escaped taxation, and such assessment shall

have the same force and effect as it would have had if it had been·made in the year in which the property shall have escaped taxation, and taxes shall be levied and collected thereon in like manner and toge her with taxes for the current year in which the assessment is made. But no property shall be assessed for more than three years' arrears of taxation, and all property so escaping taxation shall be subject to such taxation to be assessed in whomsoever's hands or possession the same may be found; Provided, that the county assessor of taxes shall not assess any lot or parcel of land certified or sold to the State for any previous years unless such lot or parcel of lands so certified or sold shall be included in the list furnished by the Comptroller to the county assessor of taxes as provided by law: Provided, if real or personal property be assessed for taxes, and because of litigation delay ensues and the assessment be held invalid the taxing authorities may re-assess such property within the time herein provided after the termination of such litigation: Provided, further, that personal property acquired in good faith by purchase shall not be subject to assessment for taxes for any time prior to the time of such purchase, but the individual or corporation liable for any such assessment shall continue personally liable for same.

926. APPLICATION OF PRECEDING SECTION.—The provisions of Section 925 shall apply to property of every class and kind upon which *ad valorem tax* is assessable by any State or county authority under the laws of the State of Florida: Provided, however, that said section shall not have retroactive effect as to any property not assessable prior to April 3rd, 1923."

It will be observed that the final decree ending the litigation in Coombes v. City of Coral Gables, *supra,* was dated July 23, 1936, and under Section 925, *supra,* the City of

Coral Gables had the power to reassess the property for the omitted years of 1928, 1929 and 1930 within the time herein provided, i. e. within the current year, next ensuing after July 23, 1936, the 'date of the termination of the said litigation. While it may not be necessary to define the exact time or period meant by "the current year," it does follow and likewise is reasonable to assume, that the "current year" begins on the date of the termination of the litigation and ended prior to the date of the attempted reassessment here in May, 1938. We fail to find error in the record and for this reason the decree appealed from is hereby affirmed. It is so ordered.

TERRELL, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.

THOMAS, J., concurs in the conclusion.