340 So.2d 1271 (1976)
CITY OF CORAL SPRINGS, a Municipal Corporation Existing under the Laws of the State of Florida, Appellant,
v.
FLORIDA NATIONAL PROPERTIES, INC., a Florida Corporation, Appellee.
No. 76-1843.
District Court of Appeal of Florida, Fourth District.
December 24, 1976.
Paul J. McDonough, Coral Springs, for appellant.
H.T. Maloney, of Patterson, Maloney & Shankweiler, Fort Lauderdale, for appellee.
ALDERMAN, Judge.
The determinative question on this interlocutory appeal is whether or not Count II of the appellee's amended complaint should have been dismissed for failure to state a cause of action for injunctive relief. The trial court denied the appellant's motion to dismiss, and issued a temporary injunction *1272 which permitted the appellant City to collect a disputed "public service fee" but ordered that any fee collected be segregated and not used until it was determined that the ordinance establishing the fee was valid, or until further order of the court.
The amended complaint alleged that the plaintiff/appellee owned real property in Coral Springs and had already paid under protest a $19,040.22 "public service fee" on a certain parcel of such property. It also alleged that "there are approximately one thousand parcels of property located within the City of Coral Springs which are subject to the payment of the `public service fee,'" and stated that the action was being brought on behalf of all property owners "whose real property is affected by the ordinance."
Count I sought declaratory relief, Count II asked for injunctive relief, and Count III alleged a right to damages. The relevant portion of Count II reads as follows:
"The Plaintiff has paid the `public service fee' sought to be imposed by the City of Coral Springs under protest. The Plaintiff has suffered irreparable harm in that it has been required to pay the fee under the threat of a lien on its property which will affect the marketable title of the same. The Plaintiff may be required to pay additional fees under the ordinance during the pendency of this law suit and, therefore, requires a temporary injunction prohibiting the City of Coral Springs from requiring the payment of the `public service fee' and, further enjoining it from placing a lien upon the Plaintiff's property for the nonpayment of such fee."
It is a truism of equity that an injunction is an extraordinary remedy which will issue only to prevent irreparable injury  that is, injury for which there is no adequate remedy at law. By its very nature an injunction will lie only to restrain the commission of a future injury, since it is impossible to prevent what has already occurred. Appellee's allegation of past payment of a "public service fee" is no ground for an injunction. What remains is the bare statement that payment of additional fees may be required during the lawsuit. We find that those words, even when considered along with all the other allegations of the amended complaint, comprise no definite allegation that an irreparable injury will occur. To be the subject of an injunction, a prospective injury must be more than a remote possibility; it must be so imminent and probable as reasonably to demand preventive action by the court. Furthermore, the amended complaint under consideration does not plead facts to show that any injury to the appellee would be irreparable if it did occur.
We therefore hold that Count II of the appellee's amended complaint did not state a cause of action for injunctive relief, and that the appellant's motion to dismiss should have been granted. We cannot agree with appellee's contention that the essential requisites for an injunction are any different when a question of taxation is involved than under other circumstances; the complaining taxpayer must show that he has no adequate remedy at law. City of Sarasota v. Skillin, 130 Fla. 724, 178 So. 837, 838 (1937); State v. City of Avon Park, 108 Fla. 641, 149 So. 409, 417 (1933). Likewise, the provision of Section 86.111, Florida Statutes (1975), that "The existence of another adequate remedy does not preclude a judgment for declaratory relief," does not dispense with the usual requisites for an injunction, temporary or permanent, which is sought in an action which also prays for declaratory relief.
A complaint must, standing alone, state a cause of action; an insufficient complaint cannot be saved from a motion to dismiss by testimony at a hearing.
"It has been consistently held that in order to support the granting of a temporary restraining order, the allegations of the complaint must be clear, distinct, and unequivocal. The plaintiff by his complaint must likewise clearly demonstrate that irreparable injury would follow the denial of the injunction." (Emphasis added.) Cramp v. Board of Public Instruction *1273 of Orange County, 118 So.2d 541, 544 (Fla. 1960).
REVERSED and REMANDED with directions that the temporary injunction be dissolved with leave to the appellee to amend Count II of the amended complaint.
MAGER, C.J., and DOWNEY, J., concur.