449 So.2d 836 (1984)
HOTELERAMA ASSOCIATES, LTD., Appellant,
v.
Frank BYSTROM, B.W. Williams and Randy Miller, Appellees.
No. 83-2102.
District Court of Appeal of Florida, Third District.
February 28, 1984.
Rehearing Denied May 30, 1984.
*837 Lapidus & Stettin and Robert P. Frankel, Miami, for appellant.
Robert A. Ginsburg, County Atty. and Daniel A. Weiss, Asst. County Atty., for appellees.
Before BARKDULL, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
This is another episode in the annual dispute between the Property Appraiser of Dade County and the Fountainebleau-Hilton Hotel Complex. Hotelerama Associates, Ltd., owner of the Fountainebleau-Hilton, within the period provided by statute, filed its complaint contesting the validity of a 1982 assessment on its property. By separate motion Hotelerama also sought to temporarily enjoin the tax collector from declaring it as delinquent in tax payments, from advertising tax certificates, from publishing it as a delinquent taxpayer, and from selling tax certificates upon the property *838 for taxes in an amount in excess of taxes already paid for the tax year 1982.
In 1982, appellant's property was assessed at approximately $51,000,000, a sum which appellant claims is "outrageously" in excess of the property's just or fair market value. The Dade County Property Appraisal Adjustment Board, after hearing an appeal, declined to lower the assessment. Hotelerama paid to the tax collector an amount which it claims is a good faith estimate of what is actually owed. The amount paid is based on an assessed value of approximately $32,000,000. It then instituted this lawsuit seeking a determination that the assessment is constitutionally "void, unjust and unfair."
The tax appraiser and tax collector filed an answer which denied the material allegations of the complaint. It specifically denied that the payment of taxes made by Hotelerama represented a good faith estimate of the proper assessment.[1] As affirmative defenses, the taxing authorities alleged that (1) the complaint fails to state a cause of action for a void assessment, and (2) the complaint fails to state a cause of action for injunctive relief.
The matter came on for hearing on motion for temporary injunction. After a hearing the court entered an order denying the motion, stating:
The Court finds and concludes that the Plaintiff/taxpayer has failed to meet its burden of pleading and showing either:
1. That the taxes which are the subject matter of this action appear to be contrary to the law or equity; or
2. That it is entitled to an injunction pursuant to Fla.R.Civ.P., 1.610.
We reverse.
The sufficiency of the motion setting forth grounds for injunctive relief was not, as it should have been, an issue at the hearing. The trial court instead based its decision on a review of the merits, ruling in effect that the complaint failed to state a cause of action. Whether the taxes which are the subject matter of the action are contrary to law or equity goes to the very merits of the action, and could not have been resolved on a motion for temporary injunction unless (1) the hearing had been specially set for the purpose of disposing of the case on the merits, and (2) the parties had been given a full opportunity to present their cases on the merits. University of Texas v. Camenisch, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981); City of Miami Springs v. Steffen, 423 So.2d 930 (Fla. 3d DCA 1982); Ladner v. Plaza Del Prado Condominium Association, Inc., 423 So.2d 927 (Fla. 3d DCA 1982), rev. denied, 434 So.2d 887 (Fla. 1983). In this case no evidence or legal argument was presented on the challenge to the tax as excessive or unconstitutional.
The purpose of a temporary injunction is to preserve the status quo until a final hearing when full relief may be granted. Ladner, 423 So.2d at 929; Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365, 366 (Fla. 4th DCA 1968). On a motion for temporary injunction, the narrow question before the court is whether the movant has made a showing, reasonably free from doubt, that a temporary injunction is necessary to prevent great and irreparable harm. Sackett v. City of Coral Gables, 246 So.2d 162, 164 (Fla. 3d DCA 1971).
No specific facts were found by the trial court and it cannot be ascertained from the record whether the injunction was denied for reasons other than the premature decision on the merits of the case. On remand, in deciding whether appellant is entitled to injunctive relief, the court is to consider:
(1) whether irreparable harm will follow unless the status quo is maintained;
(2) whether an adequate remedy at law exists;
(3) whether there is a clear legal right to the requested relief; and

*839 (4) whether an injunction will be adverse to the public interest.
See Wilson v. Sandstrom, 317 So.2d 732, 736 (Fla. 1975), cert. denied, Alder v. Sandstrom, 423 U.S. 1053, 96 S.Ct. 782, 46 L.Ed.2d 642 (1976); State, Department of Health and Rehabilitative Services v. Artis, 345 So.2d 1109, 1111 (Fla. 4th DCA 1977).
Reversed and remanded for further proceedings.
NOTES
[1] That the amount paid is not a good faith estimate of what is actually owed does not preclude granting injunctive relief, but is the basis for stiff statutory penalties. See § 194.192, Fla. Stat. (1983).