ANSTEAD, Judge.
Palm Beach Commerce Center Associates, Ltd., appeals from an order denying its motion to temporarily enjoin the Palm Beach County tax collector from issuing tax certificates for the 1990 taxes claimed to be due after appellant’s alleged good faith payment of a portion of the taxes pending appellant’s legal challenge of the 1990 assessed valuation of its property. We reverse and certify an issue of great public importance.
FACTS
Appellant filed a complaint pursuant to section 194.171, Florida Statutes (1991), alleging that the property appraiser had assigned its property a value greater than its just value. Appellant also alleged that unless an injunction issued, the tax collector would attempt to collect the balance of the assessment by the sale of tax certificates, thereby causing appellant irreparable damage.
Appellant moved under section 194.211, Florida Statutes (1991), for a temporary injunction pending the resolution of its action contesting the assessment for the property in question. Upon hearing, the trial court denied the motion on the basis that appellant had failed to prove the traditional prerequisites for the issuance of an injunction, particularly the likelihood of success on the merits. Appellant disputes that such a showing is required in this context.
LAW AND ANALYSIS
In City of Coral Springs v. Fla. Nat’l Properties, Inc., 340 So.2d 1271 (Fla. 4th DCA 1976), this court announced the general rule that “[w]e cannot agree with [the] contention that the essential requisites for an injunction are any different when a question of taxation is involved than any other circumstances. . . .” Id. at 1272. See also Islandia Condominium Ass’n., Inc. v. Vermut, 438 So.2d 89 (Fla. 4th DCA 1983) and Muss v. City of Miami Beach, 312 So.2d 553 (Fla. 3d DCA), cert. denied 321 So.2d 553 (Fla.1975).
At issue here is whether section 194.211, Florida Statutes (1989) exempts a party moving for injunctive relief from a “tax sale” from proving the traditional prerequisites for that relief as contemplated by City of Coral Springs. Section 194.211 provides:
194.211 Injunction against tax sales.— In any tax suit, the court may issue injunctions to restrain the sale of real or personal property for any tax which shall appear to be contrary to law or equity, and in no case shall any complaint be dismissed because the tax assessment complained of, or the injunction asked for, involves personal property only.
In Clark v. Frontier Federal, 563 So.2d 821 (Fla. 4th DCA 1990), we held that the trial court could properly enjoin the tax collector from selling tax certificates or taking other action to collect the balance of taxes allegedly due, during the pendency of a taxpayer’s action challenging its property tax assessment for a particular year. We based our decision on City of West Palm Beach v. Eppelman, 132 Fla. 686, 181 So. 894 (1938), which in part held that the issuance of a temporary injunction of a tax sale rests within the trial court’s sound *167 discretion, guided by the established rules and principles of equity jurisprudence arising from the facts of the particular case.
Similarly, in Hotelerama Associates, Ltd. v. Bystrom, 449 So.2d 836 (Fla. 3d DCA), review denied, 458 So.2d 271 (Fla.1984), the Third District reversed a trial court’s denial of injunctive relief under circumstances similar to those herein. In reversing that decision, the Third District held that on a motion for temporary injunction, the question is whether the movant has made a showing that a temporary injunction is necessary to prevent irreparable harm. In remanding, the court also cited the traditional considerations for injunctive relief. The court also rejected the tax collector’s contention that the taxpayer must prove that its partial payment was a good faith estimate of what is actually owed in order to secure a temporary injunction:
That the amount paid is not a good faith estimate of what is actually owed does not preclude granting injunctive relief, but is the basis for stiff statutory penalties. See § 194.192, Fla.Stat. (1983).
Id. 449 So.2d at 838 n. 1.
Appellant contends that the statutory scheme relating to good faith challenges to tax assessments implicitly contemplates a stay of the tax collection process pending resolution of the challenge. Appellant asserts that, upon filing an appropriate complaint in compliance with section 194.171, Florida Statute (1989) and making a good faith payment, it was entitled to enjoin further collections of any balance pending determination of the suit. Otherwise, appellant asserts, the legislature would not have made provision in section 194.192(2) for interest and penalties to be collected after an unsuccessful challenge. Section 194.192(2) provides:
If the court finds that the amount of tax owed by the taxpayer is greater than the amount the taxpayer has in good faith admitted and paid, it shall enter judgment against the taxpayer for the deficiency and for interest on the deficiency at the rate of 12 percent per year from the date the tax became delinquent or from January 1, 1971, whichever is later, and at the rate of 6 percent per year for any period of delinquency before January 1, 1971. If it finds that the amount of tax which the taxpayer has admitted to be owing is grossly disproportionate to the amount of tax found to be due and that the taxpayer’s admission was not made in good faith, the court shall also assess a penalty at the rate of 10 percent of the deficiency per year from the date the tax became delinquent.
Appellant points out that the sale of tax certificates during the pendency of his action will require him to pay the taxes plus additional costs and interest at a rate well above that which the statute mandates for judgments in assessment challenges. There is no provision for avoiding or recouping these additional payments. This, appellant contends, together with the public notice associated with the advertisement and sale of the tax certificate, constitutes sufficient irreparable harm to the taxpayer to merit an injunction.
The tax collector states that the injunction statute does not, according to its own language, even apply to this case. In particular, the tax collector points out, the statute only specifically permits the court to restrain the impending “sale of real or personal property for any tax.” Therefore, it argues, by negative implication, a party who seeks to obtain an injunction to restrain the issuance of tax certificates must rely on general equitable principles that apply to all injunctions, rather than on this statute.
The tax collector emphasizes that its duty to issue tax certificates is not a discretionary act, but instead a ministerial, statutory responsibility of that public office. Section 197.432(1) requires the tax collector to pursue these means to collect needed revenue and makes no exception because of the pendency of a tax contest. He suggests that we envision the consequences of permitting all property owners who contest their tax assessments and who make a good faith partial payment, to automatically be entitled to enjoin the tax collector from obtaining from a third party by issuing a tax certificate, the balance of that revenue, which could be sizable. The *168 wheels of county government services would potentially come to a grinding halt for lack of revenue. The entire budgetary process of the county and other levying authorities could be thrown into complete disarray. In sum, the collector contends that public policy would be best advanced by requiring a movant under section 194.-211 to show the usual prerequisites for issuance of an injunction.
In North Port Bank v. State, 313 So.2d 683 (Fla.1975), the supreme court treated the provisions of section 194.192(2) as if they were, indeed, the sole protections for payment afforded the government during the pendency of a real estate tax challenge case. The court found no constitutional flaw in a more stringent scheme setup in personal property tax challenges requiring all of the taxes or a bond in the same amount to be posted as a condition to the challenge. Although the case did not directly involve the application of section 194.192(2), the court’s comment suggests this section was intended to be used in much the same way that a bond might be used:
In our opinion, the transitory nature of intangible taxes justifies the state in adopting methods of collection which differ from those used to collect real property ad valorem taxes. Liens can be effectively imposed upon lands and improvements, but intangible property and its owners sometimes are difficult or impossible to locate.
Assessment and collection of taxes are problems of the utmost importance to the government and property owners alike. No government can exist without income, and taxation is its principal source. The owners of property can never forget that the power to tax is the power to destroy. Those who assess and collect taxes, like other human beings, make mistakes. The only nonviolent defense is legal action against the government.
Id. at 687.
We believe the issue to be close, but we are strongly influenced by the Supreme Court’s opinion in North Port Bank. We read that opinion as indicating that ordinarily the interest and penalties of section 194.192 will protect the tax collector from any temporary loss of revenue while the tax challenge is pending. We simply cannot logically reconcile this provision for interest and penalties with the provision for additional interest and costs that must be paid by the taxpayer if tax certificates are sold on the property. We agree with appellant that the injunction authorized by section 194.211 does include the sale of tax certificates as well as tax deeds, and that the statutory scheme contemplates the ordinary situation to be one of staying the collection of taxes, including the issuance of certificates, pending the resolution of the lawsuit when the taxpayer has made a good faith payment of the taxes due.
We disagree with the Third District’s opinion in Hotelerama to the extent that we believe it is the burden of the taxpayer to establish at the injunction hearing that its partial payment was made in good faith. By providing for an injunction in section 194.211 we believe the legislature intended some burden, other than the pend-ency of the tax challenge, to be carried by the taxpayer in order to secure an injunction, and logically, to us, that would concern the good faith payment of the tax believed due. Upon that showing, however, absent unusual circumstances, we believe a temporary injunction should issue.
Accordingly, we reverse and remand for further proceedings in accord herewith and certify the issue we have decided as one of great public importance:
UNDER WHAT CIRCUMSTANCES IS A TAXPAYER ENTITLED TO A STAY OF THE COLLECTION OF TAXES PENDING HER CHALLENGE TO THE ASSESSED VALUATION OF HER PROPERTY?
FARMER, J., concurs.
HERSEY, J., concurs in conclusion only.