KOGAN, Justice.
We have for review Palm Beach Commerce Center Associated v. Walker, 598 So.2d 165 (Fla. 4th DCA 1992), in which the district court certified the following question as one of great public importance:
UNDER WHAT CIRCUMSTANCES IS A TAXPAYER ENTITLED TO A STAY OF THE COLLECTION OF TAXES PENDING HER CHALLENGE TO THE *1098 ASSESSED VALUATION OF HER PROPERTY?
598 So.2d at 168. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
The respondent, Palm Beach Commerce Center Associates, Ltd., filed a complaint pursuant to section 194.171, Florida Statutes (1989), contesting the 1990 assessed valuation of its property. Palm Beach Commerce Center made an alleged “good faith” payment of sixty percent of the taxes due in accordance with section 194.-171(3). Pursuant to section 194.211, Florida Statutes (1989), Palm Beach Commerce Center sought to temporarily enjoin the Palm Beach County tax collector from issuing tax certificates for the balance of the 1990 taxes.
After a hearing, the trial court denied the motion for temporary injunction, finding that Palm Beach Commerce Center had failed to establish the traditional prerequisites for the issuance of an injunction, specifically the likelihood of success on the merits. Palm Beach Commerce Center appealed, maintaining that a showing of the traditional requisites for an injunction is not necessary under section 194.211. The district court agreed and held that
the injunction authorized by section 194.-211 does include the sale of tax certificates as well as tax deeds, and that the statutory scheme contemplates the ordinary situation to be one of staying the collection of taxes, including the issuance of certificates, pending the resolution of the lawsuit when the taxpayer has made a good faith payment of the taxes due.
598 So.2d at 168. According to the district court, the only burden placed on a taxpayer seeking injunctive relief under section 194.-211 is to establish a good faith payment of the taxes due in accordance with section 194.171(3). Contra Hotelerama Associates, Ltd. v. Bystrom, 449 So.2d 836 (Fla. 3d DCA), review denied, 458 So.2d 271 (Fla.1984) (showing of a good faith payment of taxes need not be made for temporary injunction of sale of tax certificates but showing of traditional requisites for an injunction must be made). The district court then certified the case as presenting a question of great public importance.
There are two issues presented in this case. The first deals with the applicability of section 194.211 to the sale of tax certificates. The second deals with the showing necessary for issuance of an injunction under section 194.211. We therefore rephrase the certified question as follows:
MAY A TAXPAYER SEEKING TO ENJOIN THE SALE OF TAX CERTIFICATES PENDING A CHALLENGE TO THE ASSESSED VALUATION OF ITS PROPERTY PROCEED UNDER SECTION 194.211?
IF SO, WHAT SHOWING IS NECESSARY FOR ISSUANCE OF THE TEMPORARY INJUNCTION?
As to the first question, we agree with the district court that section 194.211 applies to the sale of tax certificates as well as to the sale of tax deeds. Section 194.211 provides in pertinent part:
Injunction against tax sales. — In any tax suit, the court may issue injunctions to restrain the sale of real or personal property for any tax which shall appear to be contrary to law or equity....
This provision has remained substantially the same since its enactment in 1921. Chapter 8586, Laws of Florida (1921) provided in pertinent part:
AN ACT to Vest in Courts of Chancery the Jurisdiction to Inquire Into and Determine the Legality of Tax Assessments and to Enjoin the Collection of Illegal Taxes on Real or Personal Property.
[[Image here]]
Sec. 2. That in any [case involving the legality of any tax, assessment or toll], the court may issue injunctions to restrain the sale of real or person [sic] property for any tax, assessment or toll which shall appear to be contrary to law or equity....
It is apparent from the title of the act that section 2 of chapter 8586 was intended to authorize the court to enjoin the entire tax collection process pending a suit challenging the tax. Today, the collection of delinquent real property taxes begins with the *1099 sale of tax certificates. § 197.432, Fla. Stat. (1991).
The conclusion that the sale of tax certificates may be enjoined pursuant to section 194.211 is further supported by a comparison of the collection scheme in effect at the time of the injunction provision’s adoption with the collection scheme currently in effect. The tax appraiser concedes that section 194.211 would be applicable to the statutory scheme for the collection of delinquent real property taxes in effect at the time chapter 8586 was enacted. See City of West Palm Beach v. Eppelman, 132 Fla. 686, 181 So. 894 (1938). However, she maintains that that scheme is distinguishable from the current statutory scheme because under the former collection scheme title passed at the time of the initial tax sale.
The collection scheme at issue in this case is somewhat different from the statutory scheme in effect at the time chapter 8586 was enacted. Compare §§ 766, 770, 779, Rev.Gen.Stat.Fla. (1920) with §§ 197.-432, .472, .502, .512, .522, .542, Fla.Stat. (1991). However, this difference does not support the conclusion that the statutory provision for temporary injunction pending a tax challenge that applied to the entire collection process under the former statutory scheme does not apply under the current statutory scheme until the actual sale of a tax deed.
Under the collection scheme in effect at the time chapter 8586 was enacted, the “purchaser” of real property at a tax sale was issued a “certificate of such sale describing the lands purchased and the amount paid.” § 766, Rev.Gen.Stat.Fla. (1920). Two years after the date of issuance, if the certificate of sale had not been redeemed, the certificate holder was entitled to the deed to the property. §§ 770, 779, Rev.Gen.Stat.Fla. (1920). Because the certificate of sale issued under section 766 could be redeemed, the certificate was considered a lien on the land, giving the certificate holder nothing more than a right to a conveyance of the land if the certificate was not timely redeemed. Ridgeway v. Reese, 100 Fla. 1304, 131 So. 136 (1930). Title clearly did not pass at the time the certificate of sale was issued.
The current collection scheme is codified in chapter 197, Florida Statutes (1991). Pursuant to section 197.432, delinquent real property taxes are collected by the sale of tax certificates. At such sale, a “tax certificate” is issued to the person who pays the face amount of the certificate, which includes the delinquent taxes, interest, costs, and charges, and bids the lowest interest rate not in excess of eighteen percent a year. §§ 197.172, .432(5). If there is no buyer, the certificate is issued to the county. § 197.432(5). As was the case under the former collection scheme, a tax certificate issued under section 197.432 is subject to redemption and therefore is merely a lien on the property. §§ 197.102(3), .432(2), .472. At any time after two years have elapsed since April 1 of the year of issuance, if the tax certificate has not been redeemed, the holder of the certificate, other than the county, may file an application for a tax deed. § 197.-502(1). After proper notice is given, the property is sold at public auction. §§ 197.-502, .512, .522, .542. If there are no bids higher than the statutory minimum bid, the property is sold to the certificate holder. If there are other bids, the certificate holder may bid and the property will be sold to the highest bidder. § 197.542.
While the current collection scheme does differ from the former scheme, we believe the legislature intended section 194.211 to apply to the sale of tax certificates just as its predecessor statute applied to the sale of lands for unpaid taxes which was evidenced by the issuance of a redeemable certificate of sale. Although we agree with the district court that section 194.211 applies to the sale of tax certificates, we do not agree that the only burden placed on a taxpayer seeking to enjoin the collection process is to make a good faith payment of the taxes due in accordance with section 194.171(3).
By its plain language, section 194.211 calls for a showing that the taxes that are to be collected “appear to be contrary to *1100 law or equity.” [1] In other words, if the taxpayer makes a showing of a substantial likelihood of success in the underlying tax suit, the sale of tax certificates may be enjoined under the statute. Therefore, in answer to the second question, we hold that the traditional requisites for an injunction need not be established when a stay of the collection of taxes is sought under section 194.211; the only showing necessary for relief under the statute is a showing of a substantial likelihood of success in the underlying tax suit.[2]
Although the sale of tax certificates may be enjoined pursuant to section 194.211 upon a showing of a substantial likelihood of success in the underlying suit, in this case, the motion for temporary injunction was properly denied in light of the trial court’s finding that Palm Beach Commerce Center failed to make the requisite showing. Accordingly, the decision under review is quashed and the cause is remanded for further proceedings consistent with this decision.[3]
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES and HARDING, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion.

. Section 194.211 provides in pertinent part:
In any tax suit, the court may issue injunctions to restrain the sale of real or personal property for any tax which shall appear to be contrary to law or equity....
(Emphasis added.)

. Of course, the taxpayer could not obtain an injunction if it were shown that there had not been a good faith payment of the taxes due.

. Hotelerama Associates, Ltd. v. Bystrom, 449 So.2d 836 (Fla. 3d DCA), review denied, 458 So.2d 271 (Fla.1984), is disapproved to the extent it conflicts with this decision.