651 So.2d 220 (1995)
In re ESTATE OF Richard Roy YEREX, Deceased.
Mark Pixley YEREX, Personal Representative of the Estate of Richard Roy Yerex, Appellant,
v.
Sally J. DURZO, as surviving spouse of Richard Roy Yerex, and Quarles & Brady, Appellees.
Nos. 93-2897, 94-0341 and 94-0926.
District Court of Appeal of Florida, Fourth District.
March 1, 1995.
*221 Frank J. Mulhall of Rutherford, Minerley & Mulhall, P.A., Boca Raton, for appellant.
Jonna S. Brown and Robert D.W. Landon, II, of Mershon, Sawyer, Johnston, Dunwody & Cole, West Palm Beach, for appellee-Sally J. Durzo, surviving spouse.
Charles W. Littell of Quarles & Brady, West Palm Beach, for appellee-Quarles & Brady.
PER CURIAM.
These are three consolidated appeals:

CASE NO. 93-2897
The personal representative appeals an order awarding attorney's fees. We reverse and remand with direction to enter an award for $5,425, rather than the $9,148 which was awarded.[1]
The trial court did not err in awarding fees for two of the four services performed by said attorneys; namely, those incident to the judicial declaration of death sought by the surviving wife and those incident to preparation of a financial analysis. See In re Estate of Lewis, 442 So.2d 290, 292 (Fla. 4th DCA 1983); Samuels v. Estate of Ahern, 436 So.2d 1096, 1097 (Fla. 4th DCA 1983), rev. denied, 449 So.2d 265 (Fla. 1984). It did err in awarding a fee for services incident to the surviving wife's unsuccessful motion to vacate appointment of decedent's son as the personal representative. See In re Estate of Simon, 549 So.2d 210, 213 (Fla. 3d DCA 1989), rev. denied, 560 So.2d 788 (Fla. 1990). There was also a mathematical error in the fee award, which appellees' attorneys acknowledge.

CASE NO. 94-0341
The personal representative appeals an order extending time for the surviving wife to file an independent action on her claim and an order requiring the personal representative to maintain information as confidential. We affirm the order extending time, but reverse and remand with direction the confidentiality order.
Section 733.705(4), Florida Statutes (1991), provides in pertinent part:
(4) The claimant is limited to a period of 30 days from the date of service of an objection within which to bring an independent action upon the claim, or a declaratory action to establish the validity and amount of an unmatured claim which is not yet due but which is certain to become due in the future, or a declaratory action to establish the validity of a contingent claim upon which no cause of action has accrued on the date of service of an objection and that may or may not become due in the future. For good cause, the court may extend the time for filing an action or proceeding after objection is filed. The extension of time shall be granted only after notice. No action or proceeding on the claim shall be brought against the personal representative after the time limited above, and any such claim is thereafter forever barred without any court order.
(Emphasis added). Because this time limitation for filing an independent action is a rule of judicial procedure rather than a statute of non-claim, the probate judge has broad discretion to relax the time limit. Dohnal v. Syndicated Offices Sys., 529 So.2d 267, 269 (Fla. 1988); In re Estate of Sale, 227 So.2d 199, 201 (Fla. 1969).
Good economic cause can be said to exist in the present case, particularly because of the disputatious nature of these parties' proceedings against one another. In the instant case, the surviving wife's petition for extension of time asserts that because her claim is contingent upon the personal representative suing her, her claim is premature until the personal representative files such suit. It is reasonable to avoid unnecessary attorney's fees and costs which should not be incurred until the personal representative sues the surviving wife, if such event occurs.
The confidentiality order prohibits the personal representative from disclosing *222 the financial information in the tax returns as it relates solely to the surviving wife. The personal representative contends that this order impermissibly restrains his use of the tax returns by (1) inhibiting the ability to have amended returns prepared and filed if necessary on decedent's behalf; and (2) precluding the use of returns as exhibits in pleadings, trials on any claims that may be filed against the surviving wife, or in future discovery proceedings.
The order is indefinite as to what actions the personal representative is prohibited from taking. Although the order only prevents the use of information on the tax returns that pertains solely to the surviving wife, this may prevent the use of the tax returns altogether for certain legitimate purposes, for example to permit an accountant to view the whole tax returns to decide if amendment is necessary. Accordingly, we remand with direction that the trial court limit the scope of the order by providing that the personal representative may petition the trial court for leave to use the tax returns for a specific purpose. The trial court then can approve or deny such requests.

CASE NO. 94-0926
The personal representative appeals an order granting the surviving wife's motion to strike the personal representative's application for declaratory relief and emergency injunction. To the extent that the order strikes the personal representative's request for injunctive relief, this court has jurisdiction; and we affirm the order. We dismiss the appeal as to the remainder of this order for lack of jurisdiction.
The personal representative sought injunctive relief to enjoin the surviving wife temporarily and/or permanently from transferring, wasting and/or dissipating decedent's property interests without court order. In denying the requested injunctive relief, the trial court determined that the personal representative's petitions did not adequately assert irreparable harm or an inadequate remedy at law. It found that "[t]he ultimate facts presented in the petition, if any, are insufficient to substantiate any claim of irreparable harm to the estate by the action of the former spouse."
"By its very nature an injunction will lie only to restrain the commission of a future injury, since it is impossible to prevent what has already occurred." City of Coral Springs v. Florida Nat'l Properties, Inc., 340 So.2d 1271, 1272 (Fla. 4th DCA 1976). The law only provides injunctive relief for a prospective injury that is "more than a remote possibility; it must be so imminent and probable as reasonably to demand preventive action by the court." Id.
A review of both requests for injunctive relief reveals that the personal representative has not identified any particular asset that is threatened, nor any manner in which the surviving wife is likely to do so. The allegations relate to the surviving wife's past conduct in dealing with alleged assets. Thus, these petitions are insufficient to support injunctive relief.
The personal representative's petitions also do not adequately assert an irreparable injury. Where a personal representative seeks to enjoin someone from selling or disposing of assets which allegedly belong to the estate, there is an adequate legal remedy for damages as long as the value of such assets can be ascertained. See Morris v. Ricks, 573 So.2d 1029 (Fla. 2d DCA 1991). Furthermore, the test is the ability to obtain a judgment at all, not the ability to collect on such judgment. Oxford Int'l Bank & Trust, Ltd. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 374 So.2d 54, 56 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1199 (Fla. 1980). Since the personal representative's petitions do not identify any assets, it can not be said that there is no adequate legal remedy for damages.
The personal representative suggests that if irreparable harm or inadequate remedy were not adequately asserted, these deficiencies were caused by the surviving wife's failure to disclose pertinent information, and the personal representative's resulting inability to know what estate assets or liabilities exist. The personal representative contends that the surviving wife, therefore, should not benefit and he should be given an opportunity to amend his petitions. The assertions that the *223 personal representative wishes to add are outlined in his brief. They concern the surviving wife's alleged acknowledgements that she distributed items of decedent's personalty, including a car; that she encumbered jointly held property; that she filed income tax returns without permission; and that the expenditures listed in the surviving wife's claim were unauthorized. A review of these additional allegations indicates that they would not remedy the deficiencies discussed above because they also relate to past acts only.
For the above reasons, the trial court did not err in striking the personal representative's request for injunctive relief.
HERSEY, GLICKSTEIN and POLEN, JJ., concur.
NOTES
[1] Appellee concedes that in light of our reversal, we must also reverse the award of costs in the sum of $202.95, which we do.